*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HITESMAN, STEWART, and GERRITY,
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**David FRANCO**
Sergeant (E-5), U.S. Marine Corps
Appellant

**No. 202000042**

Decided: 27 May 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Steven C. Reyes (arraignment)
Mark D. Sameit (trial)

Sentence adjudged 17 October 2019 by a general court-martial convened at Marine Corps Base Camp Foster, Okinawa, Japan, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 50 months,[1] forfeiture of all pay and allowances, and a dishonorable discharge.

For Appellant:
*Lieutenant Commander W. Scott Stoebner, JAGC, USN*

---

[1] The convening authority suspended confinement in excess of 30 months pursuant to a pretrial agreement.

For Appellee:
*Brian K. Keller, Esq.*

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Articles 59, 66, Uniform Code of Military Justice, 10 U.S.C. §§ 859, 866 (2019).

However, we note that the Appellant requested a deferment of adjudged and automatic forfeitures until the Entry of Judgment and the convening authority, after reviewing the request, summarily denied the request without stating the basis for doing so. "When a convening authority acts on an accused's request for deferment of all or part of an adjudged sentence, the action must be in writing (with a copy provided to the accused) and must include the reasons upon which the action is based." *United States v. Sloan*, 35 M.J. 4, 7 (C.M.A. 1992), *overruled on other grounds by United States v. Dinger*, 77 M.J. 447, 453 (C.A.A.F. 2018); *see also United States v Phillips*, 2006 CCA LEXIS 61, *28-29 (N-M. Ct. Crim. App. Mar. 16, 2006) (unpub. op.); *United States v. Gary*, No. 201800353, 2020 CCA LEXIS ___, *7-8 (N-M. Ct. Crim. App. May 27, 2020) (unpub. op.). Accordingly, the failure to state in writing the basis for the denial of a deferment request constitutes error on the part of the convening authority. *Sloan*, 35 M.J. at 7. We review the denial of a request for deferment for an abuse of discretion. *United States v. Brownd*, 6 M.J. 338, 340 (C.M.A. 1979). However, when a convening authority does not state a reason for its action, we are left unable to assess any abuse of discretion since "the basis for the exercise of that discretion is unknown." *Sloan*, 35 M.J. at 6-7. Therefore "we must independently review the facts of this case and determine whether deferment was appropriate, and if it was, what remedy should follow." *Phillips*, 2006 CCA LEXIS 61, at *28-29.

Our analysis of the factors enumerated in R.C.M. 1103(d)(2) convinces us that it was appropriate to deny the requested deferral. The Appellant's crimes involved the attempted sexual abuse of an eight-year-old child,

attempted conspiracy to sexually abuse an eight-year-old child and bestiality. The crimes Appellant pled guilty to were serious and carried a maximum of 35 years confinement. The sentence adjudged was reduction to E-1, confinement for 50 months, forfeiture of all pay and allowances, and a dishonorable discharge with his pretrial agreement limiting confinement to 30 months. The Appellant's basis for a deferment was to provide Appellant a small amount of money to reintegrate with society when he eventually leaves confinement in over two years. Under R.C.M. 1103(d)(2), the Appellant has the burden of showing that the interest of the Appellant and the community in deferral outweigh the community's interest in imposition of the punishment on the effective date. In balancing the interests of the Appellant as described to help him integrate into society in two years against the seriousness of the crimes, bestiality, attempted sexual abuse of an eight-year-old child and attempted conspiracy to commit sexual abuse of an eight-year-old child, and the lengthy sentence of 50 months confinement adjudged, we find the Appellant did not meet his burden. It was therefore appropriate to deny the deferment request. Accordingly, we find that Appellant did not suffer any prejudice from the convening authority not articulating in writing the specific reasons for his denial.

We caution staff judge advocates and convening authorities that this error is one that was easily avoidable. Just follow the rules, review the request and, if applicable, articulate the basis for denial in accordance with R.C.M. 1103(d)(2). Military Judges, as part of their role in finalizing the Entry of Judgement, are urged to pay close attention to deferment requests and ensure the rules are followed.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court